COURT OF COMMON PLEAS
LUCAS COUNTY, OHIO

FILED
LUCAS COUNTY

| | |
|---|---|
| FIRST DEFIANCE FINANCIAL CORPORATION<br>601 Clinton Street<br>Defiance, OH 43512,<br><br>and<br><br>FIRST FEDERAL BANK OF THE MIDWEST<br>601 Clinton Street<br>Defiance, OH 43512,<br><br>and<br><br>FIRST INSURANCE AND INVESTMENTS, INC.<br>419 Fifth Street<br>Defiance, OH 43512,<br><br>      Plaintiffs,<br>v.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY<br>6300 Wilson Mills Road<br>Mayfield Village, OH 44143,<br><br>and<br><br>ONLINE BROKERAGE SERVICES, INC.<br>10200 Waterville Street<br>Whitehouse, OH 43571,<br><br>    Statutory Agent:<br>    Christopher S. Campbell<br>    10200 Waterville Street<br>    Whitehouse, OH 43571,<br><br>      Defendants. | Case No. _____<br><br>Judge _____<br><br><br>**COMPLAINT WITH JURY DEMAND**<br><br>CI0200806787<br><br>**ASSIGNED TO JUDGE DARTT** |

RECEIVED
SEP
PROGRESSIVE

For their Complaint against Defendants Progressive Casualty Insurance Company ("Progressive") and Online Brokerage Services, Inc. ("OBS"), Plaintiffs First Defiance Financial Corporation ("First Defiance"), First Federal Bank of the Midwest ("First Federal"), and First Insurance and Investments, Inc. ("First Insurance"), hereby state as follows:

## NATURE OF THE ACTION

1. This action arises out of losses caused by fraudulent and dishonest acts of Jeffrey Hunt ("Hunt"), a dual employee of Plaintiffs First Federal and First Insurance and a registered representative of Defendant OBS, who stole money from Plaintiffs' customers. Even though Defendant Progressive issued a fidelity bond to Plaintiffs that provides coverage for employee fraud and dishonesty, Progressive has refused to honor its coverage obligation to Plaintiffs. Defendant OBS, the broker/dealer who controlled Hunt's investment activities, has separately refused to honor its own contractual agreement to indemnify Plaintiffs from all damages caused by Hunt's activities. By this action, Plaintiffs seek reimbursement for their losses and an award from Defendants based on their respective obligations to cover the losses caused by Hunt.

## PARTIES

2. Plaintiff First Defiance is an Ohio corporation. First Defiance is a holding company and owns all of the shares of the stock of Plaintiffs First Federal and First Insurance. First Defiance, First Federal, and First Insurance all have their principal place of business in Defiance County, Ohio.

3. First Insurance provides financial planning and investment advice, and it sells insurance and insurance-related financial products, such as annuities.

2

4. Defendant Progressive is an Ohio corporation with its principal place of business in Mayfield Village, Ohio.

5. Defendant OBS is a Delaware corporation with a principal place of business in Whitehouse, Ohio.

6. Venue is proper under Civ.R. 3(B).

## BACKGROUND OF THE DISPUTE

### *The OBS Brokerage Agreement*

7. On August 1, 2004, First Federal entered into a Brokerage Services Agreement ("Brokerage Agreement") with OBS. A copy of the Brokerage Agreement is attached as Exhibit A.

8. Under the Brokerage Agreement, OBS agreed to provide non-deposit investment products to be offered and sold by registered representatives of OBS who were dual employees of First Federal and First Insurance.

9. OBS also agreed to provide brokerage back office services, including commission accounting, due diligence, data processing, and trading.

10. First Federal agreed to pay a monthly fee to OBS and provide OBS with contact information for First Federal customers.

11. OBS was responsible for handling all compliance-related matters for the registered investment advisers under its supervision. The Brokerage Agreement specifies that the registered representatives "shall be under the exclusive control and supervision" of OBS while performing brokerage services.

3

12. The Brokerage Agreement requires OBS to "indemnify and hold the Bank harmless against all claims and damages, including reasonable attorneys' fees and costs, arising out of the broker/dealer activities to be conducted by [OBS] pursuant to this Contract or [OBS's] breach of this Contract."

### *The Progressive Fidelity Bond*

13. Progressive sold Financial Institution Bond No. 10036276-03 (the "Bond") to Plaintiffs, which provided coverage from November 26, 2006, to November 26, 2007. A copy of the Bond is attached as Exhibit B.

14. Plaintiffs paid all premiums charged by Progressive for the Bond.

15. Plaintiffs are among the entities insured by the Bond, which names First Defiance, First Federal, First Insurance, and First Defiance Loan Service, as insureds.

16. The Bond has a deductible of $125,000 per loss and a limit of liability of $9,000,000 per loss.

17. Section A of the Bond is a fidelity bond, which provides coverage for "Loss resulting directly from dishonest or fraudulent acts committed by an Employee acting alone or in collusion with others."

18. The Brokerage Services Modification Rider to the Bond expands the Bond's definition of "Employee" to include a "Dual Employee," which is defined as "a registered representative of a third-party broker/dealer who shall be registered and qualified with the National Association of Securities Dealers ('NASD') and who shall undertake such employment by the broker-dealer in addition to his or her employment by the Insured."

### *Hunt's Fraudulent and Dishonest Actions*

19. Hunt was a registered representatives of OBS and a dual employee of First Insurance and First Federal.

20. Hunt provided investment advice and sold investment products to customers of First Federal and First Insurance.

21. Unbeknownst to Plaintiffs, Hunt engaged in a scheme to divert assets from the accounts of First Insurance customers into an account at First Federal established in the name of Jeffrey Hunt dba Capital Platinum Partners.

22. On multiple occasions, without appropriate authorization from customers, Hunt dishonestly and fraudulently caused money to be wired from customers' brokerage accounts into his Capital Platinum Partners' account.

23. After Hunt transferred customers' funds without their authorization into the Capital Platinum Partners' account, he used the stolen funds to pay for expenses of The Stake Company (a company that he owned), for his own personal use, or for others, including family members.

### *First Federal Investigated and Sued Hunt*

24. After a customer brought concerns about Hunt's handling of their account to the attention of First Federal, Plaintiffs discovered in May 2007 that Hunt had stolen or caused losses to customers of First Federal and First Insurance through fraud and dishonesty in excess of $900,000.

25. As a consequence of Hunt's theft from Plaintiffs' customers, First Federal restored a total of $940,463.91 to the accounts of 16 customers.

5

26. To date, First Federal has recovered only $58,413.51 from Hunt.

### *Progressive's and OBS' Denial of Responsibility*

27. Upon discovering Hunt's actions, First Federal notified Progressive of Hunt's actions in or about May 2007, and Progressive assigned a senior claims attorney to investigate and adjust the loss caused by Hunt.

28. During the course of Progressive's investigation, Plaintiffs informed Progressive that they were restoring the accounts of customers whose funds had been stolen by Hunt, a decision as to which Progressive acquiesced.

29. On November 29, 2007, First Federal submitted a sworn proof of loss to Progressive. The proof of loss identified total losses in the amount of $939,704.11, which was the amount First Federal had then restored to customers' accounts before netting any recoveries obtained from Hunt or applying any deductible. First Federal has since paid an additional $759.80 to a client for a total of $940,463.91.

30. After receiving First Federal's proof of loss, Progressive continued its investigation for seven months. In doing so, Progressive interviewed numerous First Federal and First Insurance employees regarding their contact with Hunt. First Federal and First Insurance fully cooperated with Progressive's lengthy investigation.

31. By letter dated June 19, 2008, Progressive finally notified Plaintiffs of its determination to deny coverage for any of the losses caused by Hunt's actions. A copy of Progressive's letter is attached as Exhibit C.

32. Despite the fact that Hunt directly caused losses to the accounts of Plaintiffs' customers and from an account maintained at First Federal, Progressive wrongfully denied coverage based on its determination that Section A of the Bond only provides coverage for a

6

"direct" loss; in breach of its obligations to its insureds, Progressive wrongfully asserted that Plaintiffs had not incurred a loss arising directly from Hunt's fraudulent or dishonest actions, an interpretation at odds with the plain meaning of the terms used in the Bond Progressive sold to Plaintiffs.

33. Plaintiffs also made repeated demands for indemnification from OBS pursuant to the Brokerage Agreement.

34. Despite the express terms of the Brokerage Agreement, OBS has denied liability and refused to make payment for any of the losses caused by Hunt.

### FIRST CLAIM FOR RELIEF
(Breach of Contract Against Progressive)

35. Plaintiffs repeat the allegations above as if fully set forth herein.

36. The Bond is a valid and enforceable contract between Progressive and Plaintiffs, which requires Progressive to provide coverage to Plaintiffs for losses caused by employee fraud and dishonesty.

37. Plaintiffs fully performed all of their obligations under the Bond.

38. Plaintiffs incurred losses as a direct result of the fraud and dishonesty by an employee, Hunt.

39. Progressive breached its obligations under the Bond by refusing to provide coverage for the losses Plaintiffs incurred as a result of Hunt's fraud and dishonesty.

40. As a result of the foregoing breaches, Plaintiffs have incurred damages in an amount in excess of $25,000 to be proved at the trial of this matter.

7

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment Against Progressive)

41. Plaintiffs repeat the allegations above as if fully set forth herein.

42. An actual dispute exists between Plaintiffs and Progressive as to the rights of Plaintiffs and the obligations of Progressive under the Bond Plaintiffs purchased.

43. Plaintiffs are entitled to a declaratory judgment of their rights against Progressive under the Bond, including, but not limited to, the following declarations:

   (a) The Bond was in full force and effect when First Federal and First Insurance first discovered Hunt's actions;

   (b) Hunt was a dual employee of First Insurance and First Federal;

   (c) Hunt committed fraudulent and dishonest acts with the intent to cause Plaintiffs' losses and to obtain an improper benefit for himself or another person or entity;

   (d) Plaintiffs suffered losses directly from Hunt's fraudulent and dishonest acts;

   (e) No exclusions listed in the Bond apply;

   (f) Plaintiffs timely provided notice of the claim, submitted a sworn proof of loss, and fully cooperated in Progressive's investigation; and

   (g) Plaintiffs' are entitled to coverage under the Bond for the losses incurred as a direct result of Hunt's fraudulent and dishonest actions.

44. Such declarations are necessary and appropriate at this time so that the parties may determine their rights and obligations.

8

### THIRD CLAIM FOR RELIEF
### (Breach of Contract Against OBS)

45. Plaintiffs repeat the allegations above as if fully set forth herein.

46. The Brokerage Agreement is a valid and enforceable contract, which requires OBS to indemnify and hold Plaintiffs harmless from all claims and damages, including reasonable attorneys' fees and costs, arising out of the broker/dealer activities conducted by OBS under the Brokerage Agreement.

47. Plaintiffs fully performed all of their obligations under the Brokerage Agreement.

48. OBS breached the Brokerage Agreement by refusing to indemnify and hold Plaintiffs harmless from the claims made by customers as a result of the activities of Hunt, who was a registered investment adviser under the exclusive control of OBS.

49. As a result of the foregoing breaches, Plaintiffs have incurred damages in an amount in excess of $25,000 to be proved at the trial of this matter.

### FOURTH CLAIM FOR RELIEF
### (Declaratory Judgment Against OBS)

50. Plaintiffs repeat the allegations above as if fully set forth herein.

51. An actual dispute exists between Plaintiffs and OBS as to the rights of Plaintiffs and the obligations of OBS under the Brokerage Agreement between Plaintiffs and OBS.

52. Plaintiffs are entitled to a declaratory judgment that OBS is required to indemnify and hold First Federal harmless against all claims and damages, including reasonable attorneys' fees and costs, arising from Hunt's actions pursuant to the Brokerage Agreement.

53. Such declarations are necessary and appropriate at this time so that the parties may determine their rights and obligations.

WHEREFORE, Plaintiffs demand judgment in their favor, and against Defendants Progressive and OBS, awarding the following relief:

(1)     Damages in an amount in excess of $25,000 to be proved at the trial of this matter;

(2) An Order declaring that:

> (a) The Bond was in full force and effect when First Federal and First Insurance first discovered Hunt's actions;
>
> (b) Hunt was a dual employee of First Federal and First Insurance;
>
> (c) Hunt committed fraudulent and dishonest acts with the intent to cause Plaintiffs' losses and to obtain an improper benefit for himself or another person or entity;
>
> (d) Plaintiffs suffered losses directly from Hunt's fraudulent and dishonest acts;
>
> (e) No exclusions listed in the Bond apply;
>
> (f) Plaintiffs timely provided notice of the claim, submitted a sworn proof of loss, and fully cooperated in Progressive's investigation; and
>
> (g) Plaintiffs' are entitled to coverage under the Bond for the losses incurred as a direct result of Hunt's fraudulent and dishonest actions.

(3)     An Order declaring that OBS is required to indemnify and hold First Federal harmless against all claims and damages, including reasonable attorneys' fees and costs, arising from Hunt's actions pursuant to the Brokerage Agreement;

(4)     Prejudgment and post-judgment interest;

(5)     The costs and expenses incurred in connection with this matter, including reasonable attorney's fees; and

(6) All such other and further relief, either at law or in equity, to which Plaintiffs are entitled.

*/s/ Thomas P. Dillon*
Thomas P. Dillon (0059899)
Shumaker, Loop & Kendrick, LLP
1000 Jackson Street
Toledo, OH 43604
(419) 241-9000
(419) 241-6894 (Facsimile)
tdillon@slk-law.com

*/s/ Phillip J. Smith*
Phillip J. Smith (0062942)
Craig A. Hoffman (0075182)
VORYS, SATER, SEYMOUR AND PEASE LLP
Suite 2000, Atrium Two
221 East Fourth Street
Cincinnati, Ohio 45202
(513) 723-4074
(513) 852-7899 (Facsimile)
pjsmith@vorys.com

William J. Pohlman (0040912)
52 East Gay Street
Post Office Box 1008
Columbus, Ohio 43216-1008
(614) 464-8349
(614) 719-4908 (Facsimile)
wjpohlman@vorys.com

Attorneys for Plaintiffs,
First Defiance Financial Corporation,
First Federal Bank of the Midwest, and
First Insurance and Investments, Inc.

11

## PRAECIPE TO THE CLERK

Please serve a summons and a copy of the complaint upon the defendants by certified mail, return receipt requested, at the addresses set forth in the caption.

*Phillip J. Smith*
Phillip J. Smith

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues in this action on which they are entitled to a jury.

*Phillip J. Smith*
Phillip J. Smith